UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN S. EWING,<br><br>           Plaintiff,<br><br>  v.<br><br>CITY OF SEDRO WOOLLEY; BROCK D. STILES; JAMES M. ZACHOR; HEATHER SHAND; KEVIN L. ROGERSON; DOES 1-10,<br><br>           Defendants. | CASE NO. 2:24-cv-01307-JNW<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Jamal N. Whitehead, United States District Judge:

On November 18, 2024, pro se Plaintiff Kevin S. Ewing filed three motions seeking immediate injunctive relief: an Emergency Motion for Recusal and Stay of Proceedings, Dkt. No. 9; an Emergency Motion to Void Coerced Scheduling Order and Renewed Objection to Jurisdiction, Dkt. No. 10; and a Petition for Writ of Mandamus, Dkt. No. 11.

**MINUTE** ORDER - 1

Ewing does not classify these motions as Rule 65 requests for a temporary restraining order (TRO) or preliminary injunction. *See* Fed. R. Civ. P. 65. But "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). As such, the Court construes the above-listed motions as Rule 65 motions.

Ewing does not submit proof to the Court that these motions for immediate relief have been served on Defendants. Nevertheless, Defendants have appeared through counsel in this case and therefore have notice of the instant motions. Dkt. Nos. 6, 7.

Under LCR 65(b)(5), when a party files for a temporary restraining order, the adverse party must generally "(1) file a notice indicating whether it plans to oppose the motion within twenty-four hours after service of the motion, and (2) file its response, if any, within forty-eight hours after the motion is served." Because Ewing did not label his motions as Rule 65 motions—nor submit proof of service of the motions on Defendants to the Court— the Court concludes that the 24-hour period for Defendants to notify the Court of their intent, if any, to oppose the motions did not begin to run when the motions were filed. Instead, the Court ORDERS Defendants to notify the Court, within twenty-four hours of issuance of *this* Order, whether they plan to oppose Ewing's requests for emergency relief. Subsequently, any response from Defendants is due within forty-eight hours of issuance of this Order. *See* LCR 65(b).

Whether or not Defendants respond, the Court will decide the motions in accordance with the well-established procedural and substantive law governing

**MINUTE** ORDER - 2

emergency requests for injunctive relief under Rule 65. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)

Dated this 21st day of November 2024.

Ravi Subramanian

Clerk

*/s/Kathleen Albert*

Deputy Clerk

**MINUTE** ORDER - 3