UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN S. EWING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEDRO WOOLLEY; BROCK D. STILES; JAMES M. ZACHOR; HEATHER SHAND; KEVIN L. ROGERSON; DOES 1-10,<br><br>　　　　　Defendants. | CASE NO. 2:24-cv-01307-JNW<br><br>ORDER |

## 1.  INTRODUCTION

This matter comes before the Court on pro se Plaintiff Kevin S. Ewing's Emergency Motion for Recusal and Stay of Proceedings, Dkt. No. 9; Emergency Motion to Void Coerced Scheduling Order and Renewed Objection to Jurisdiction, Dkt. No. 10; and Petition for Writ of Mandamus, Dkt. No. 11. The Court construes these filings as emergency motions for a temporary restraining order or preliminary injunction, governed by Rule 65 of the Federal Rules of Civil Procedure. *See* Dkt. No. 13 at 1-2. Because Ewing fails to establish a likelihood of success on the merits, the Court DENIES Ewing's requests for relief.

ORDER - 1

## 2. FINDINGS OF FACT[1]

On October 12, 2023, Sedro-Woolley Police Officers arrested Kevin Ewing and charged him with driving under the influence (RCW 46.61.502), hit and run (RCW 46.52.010.2), and reckless endangerment (RCW 9A.36.050). *See* Dkt. Nos. 4 at 5, 19 at 4-6. The facts surrounding this arrest are in dispute.[2]

Ewing claims that he was arrested despite "[n]o observation of driving by any witness," "[n]o evidence connecting him to operation of any vehicle," "[k]eys found belonging to a different vehicle entirely," "[o]nly two glasses of wine consumed over less than an hour," and "[w]itness testimony suggesting possible drink tampering." Dkt. No. 4 at 5. Ewing alleges that, after his arrest, Defendants "failed to read [him] his Miranda rights," falsely imprisoned him without probable cause or a warrant, and "drew blood from [him] without his consent or a valid warrant." *Id.* at 20.

Defendants counter that before Ewing's arrest, "multiple witnesses observed and reported a vehicle driven by [Ewing] driving erratically, striking road signs, and nearly hitting a flagger." Dkt. No. 18. According to Defendants, "Sedro-Woolley police officers responded to the scene, observed [Ewing's] slurred speech and odor of

---

[1] Findings of fact and conclusions of law made in connection with a temporary restraining order are not binding adjudications. *Hordphag Rsch. Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). The Court may come to different, perhaps even opposite, conclusions as the case advances.

[2] The evidentiary record before the Court is threadbare. Ewing offers no sworn testimony or other evidence to support most of the factual claims in his pleadings. Thus, his factual assertions are largely unsubstantiated. Defendants offer only a copy of the arresting officer's affidavit and citation from state court, Dkt. No. 19, and a state-court order finding probable cause, Dkt. No. 20. To the extent these documents are offered as hearsay evidence to prove the truth of the matter asserted, the Court is skeptical of their probative value.

intoxicants, spoke with witnesses, and arrested [Ewing] for DUI." Dkt. No. 19 at 2. Defendants claim that "[Ewing] declined a breath test, and the officers then applied for and were granted a warrant for a blood draw." *Id.*

At least three state judicial officials—all of whom Ewing has named as Defendants in this case—have presided over aspects of Ewing's state-court criminal proceedings following the arrest: Defendant Judge Brock Stiles, who has presided over most of the case, *see* Dkt. Nos. 4, 18; Defendant Commissioner Heather Shand, who authorized the blood draw after Ewing's arrest, *see* Dkt. No. 16; and Defendant Judge Pro Tem Kevin L. Rogerson, who presided over one hearing, *see* Dkt. No. 18-3. Ewing asserts that none of these officials "filed the required Oaths of Office or Bonds prior to these proceedings." Dkt. No. 4 at 6.[3] On this basis, Ewing asserts that they lack authority to adjudicate his case. Ewing alleges that on multiple dates, he has appeared in state court solely to contest jurisdiction; and Defendants, he asserts, "[i]gnored [his] jurisdictional challenge," "[c]ontinued proceedings without establishing jurisdiction," "[threatened [him] with sanctions for non-appearance," "[f]ailed to provide copies of orders and notices," and "denied access to court records." Dkt. No. 11 at 3. At one of these appearances, Ewing alleges that Judge Stiles compelled him to sign a scheduling order "under explicit threat, as evidenced by the judge's prior issuance of a $100,000 warrant against Plaintiff." Dkt. No. 10. Ewing alleges that Defendant Judge Brock Stiles, "in retaliation for

---

[3] Ewing appears to derive this claim from his October 24, 2024, visit to the Skagit County Clerk's and Auditor's Offices, where no one was "willing to give [him] a Document to verify… the Bonds and or Oaths" of these officials. Dkt. No. 4-1 at 1.

ORDER - 3

Plaintiff's lawful filings and without proper cause, issued two bench warrants for $100,000 each when Plaintiff did not appear [in court] in person" and "refused to recuse himself despite [a] clear conflict of interest" stemming from Ewing's status as a witness in a case involving Judge Stiles's brother. *Id.* Ewing alleges that, "[a]s a direct result of Defendant Brock Stiles' actions and the unlawful proceedings against Plaintiff, the State of Washington has initiated proceedings to suspend Plaintiff's Commercial Driver's License," which "will deprive Plaintiff of his primary means of earning a living as a commercial truck driver." *Id.* at 21.

On August 21, 2024, with his criminal case pending in state court, Ewing filed this lawsuit alleging various federal civil rights claims for declaratory, injunctive, and monetary relief against Defendants City of Sedro-Woolley, Judge Stiles, attorney James Zachor (the prosecutor on Ewing's criminal case), and a Sedro-Woolley police officer. Dkt. No. 1. On November 7, Ewing filed an amended Complaint removing the police officer and adding Commissioner Shand and Judge Pro Tem Rogerson as defendants. Dkt. No. 4. On November 18, Ewing filed the instant motions seeking injunctive relief staying all proceedings in his criminal case, ordering Judge Stiles to recuse himself, voiding the state-court scheduling order allegedly signed under duress, and requiring the City Defendants to establish jurisdiction before proceeding with Ewing's criminal prosecution. Dkt. Nos. 9, 10, 11.

ORDER - 4

### 3.   CONCLUSIONS OF LAW

**3.1   Legal Standard.**

Temporary restraining orders and preliminary injunctions are "extraordinary remed[ies] that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "[A] plaintiff seeking a preliminary injunction must make a clear showing that '[they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest.'" *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1576 (2024) (quoting *Winter*, 555 U.S. at 20). These four elements—the *Winter* factors—apply whenever a preliminary injunction is sought. *Winter*, 555 U.S. at 20. To obtain relief, a plaintiff must "make a showing on all four prongs." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135. (9th Cir. 2011). The first *Winter* factor, "[l]ikelihood of success on the merits[,] is the most important factor[.]" *Edge v. City of Everett*, 929 F.3d 657, 663 (9th Cir. 2019).

Injunctive relief can take two forms: prohibitory and mandatory. "A prohibitory injunction prohibits a party from taking action," while "[a] mandatory injunction orders a responsible party to take action." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009) (internal quotation marks omitted). Ewing requests an injunction affirmatively compelling Defendants to stay and modify ongoing state-court criminal proceedings. The Court construes this as a request for a mandatory injunction; therefore, Ewing "must

establish that the law and facts clearly favor [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Courts do not issue mandatory injunctions in "doubtful cases." *Id.* (quoting *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir.2011)); *see also Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals*, 571 F.3d at 879) ("Mandatory injunctions, while subject to a higher standard than prohibitory injunctions, are permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'").

### 3.2     Ewing fails to demonstrate a likelihood of success on the merits.

Defendants argue that Ewing has failed to demonstrate a likelihood of success on the merits because his claims are barred by *Younger v. Harris*, 401 U.S. 37 (1971). Dkt. Nos. 16; 18 at 4-8. The Court agrees.

Under the *Younger* abstention doctrine, federal courts will not interfere where "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Where there is bad faith, harassment, or some other circumstance that

would make abstention inappropriate, *Younger* does not apply. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Here, the Court concludes that all four requirements for *Younger* abstention are met. First, there is an ongoing state judicial proceeding in which Ewing faces criminal charges, as discussed above. *See* Dkt. No. 18-3 (showing pending case as of August 2024). Second, Ewing does not contest the importance of the state's interest in criminal law enforcement. *See Gilbertson v. Albright*, 381 F.3d 965, 977 (9th Cir. 2004) ("[J]udicial proceedings or disciplinary proceedings which are judicial in nature are the type of proceeding that does implicate an important state interest.") Third, Ewing can raise his challenges in state court. *See generally Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 713 (9th Cir. 1995) (discussing this *Younger* factor); Washington Criminal Rules for Courts of Limited Jurisdiction (CrRLJ) 3.5 (establishing procedure for challenging admissibility of statements in municipal courts); CrRLJ 3.6 (establishing procedure for suppression of evidence in municipal courts); Wash. Const., Art. 1, §22 (guaranteeing "right to appeal in all [criminal] cases"); Washington State Court Rules for Appeal of Decisions of Courts of Limited Jurisdiction 2.2(a); Washington State Court Rules of Appellate Procedure 2.2(a); *Green Mountain Sch. Dist. No. 103 v. Durkee*, 351 P.2d 525, 529 (1960) ("The proper and exclusive method of determining the right to public office is under the quo warranto statute," chapter 7.56 RCW). And fourth, the requested relief, on its face, seeks to enjoin a state judicial proceeding.

Nor does Ewing demonstrate a likelihood of establishing an exception to *Younger* abstention. Ewing points out that "exceptions [to *Younger* abstention] exist

ORDER - 7

where state proceedings are conducted in bad faith or with the purpose to harass." Dkt. No. 9 at 3 (citing *Younger*). But Ewing offers no evidence that Defendants are prosecuting or adjudicating his criminal proceeding in bad faith or with malicious intent. Thus, this Court finds no reason to depart from *Younger*.

### 4.  CONCLUSION

Ewing seeks preliminary injunctive relief enjoining ongoing state criminal proceedings. Because *Younger* abstention prohibits such relief, the Court finds that Ewing has failed to establish a likelihood of success on the merits. Therefore, the Court DENIES Ewing's motions for emergency relief. Dkt. Nos. 9, 10, 11.

It is so ORDERED.

Dated this 26th day of November, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 8