UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN S. EWING,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SEDRO WOOLLEY; BROCK D. STILES; JAMES M. ZACHOR; HEATHER SHAND; KEVIN L. ROGERSON; DOES 1-10,<br><br>    Defendants. | CASE NO. 2:24-cv-01307-JNW<br><br>ORDER |

  This matter comes before the Court on Plaintiff Kevin S. Ewing's motion for reconsideration of the Court's Order, at Dkt. No. 21, denying Ewing's motions, at Dkt. Nos. 9, 10, 11, for emergency injunctive relief. Dkt. No. 26. For the reasons explained below, the Court DENIES Ewing's motion for reconsideration.

  "'Motions for reconsideration are disfavored," LCR 7(h)(1), and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*,

**ORDER** - 1

179 F.3d 656, 665 (9th Cir.1999)). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether… to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Here, the Court soundly denied Ewing's motions for emergency injunctive relief based on a finding that Ewing "failed to demonstrate a likelihood of success on the merits because his claims are barred by *Younger v. Harris*, 401 U.S. 37 (1971)." Dkt. No. 21 at 6. In his motion for reconsideration and accompanying affidavit, Ewing repeats his earlier arguments about the state court's lack of jurisdiction over his criminal case, including his assertion that the state court judges presiding over his case have conflicts of interest and lack valid judicial authority. Dkt. Nos. 26, 27. The Court already dismissed these arguments as bases for granting preliminary injunctive relief. Ewing presents no "newly discovered evidence," "clear error," or "intervening change in the controlling law" to warrant reconsideration of the Court's existing ruling. *See Marlyn Natraceuticals*, 571 F.3d at 880.

As such, Ewing's request for reconsideration is DENIED. The Court's Order denying emergency injunctive relief, Dkt. No. 21, remains in effect.

Dated this 4th day of December, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 2