UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN S. EWING,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF SEDRO WOOLLEY; BROCK D. STILES; JAMES M. ZACHOR; HEATHER SHAND; KEVIN L. ROGERSON; DOES 1-10,<br><br>    Defendants. | CASE NO. 2:24-cv-01307-JNW<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO RECONSIDER |

  Sedro-Woolley police officers arrested and charged Plaintiff Kevin Ewing with driving under the influence, hit and run, and reckless endangerment. The criminal charges remain pending in state court. Even so, Ewing sued Defendants City of Sedro-Woolley, Judge Brock Stiles, Judge Pro Tem Kevin Rogerson, Court Commissioner Heather Shand, and attorney James Zachor (the prosecutor in Ewing's criminal case), alleging various federal civil rights claims for declaratory, injunctive, and monetary relief. Dkt. No. 4 (amended complaint). He also moved for a temporary restraining order staying all proceedings in his criminal case, ordering Judge Stiles to recuse himself, voiding the state-court scheduling order allegedly

ORDER DENYING PLAINTIFF'S SECOND MOTION TO RECONSIDER - 1

signed under duress, and requiring the City Defendants to establish jurisdiction before proceeding with Ewing's criminal case. Dkt. Nos. 9, 10, 11.

On November 26, 2024, this Court denied Ewing's request because Ewing failed to demonstrate a likelihood of success on the merits given that his claims are barred under the *Younger* abstention doctrine. Dkt. No. 21. Ewing timely moved for reconsideration of the Court's order, but the Court denied his motion because he "present[ed] no 'newly discovered evidence', 'clear error,' or 'intervening change in the controlling law' to warrant reconsideration of the Court's existing ruling." Dkt. No. 28 at 2 (quoting *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

Now, for a second time, Ewing moves for reconsideration of the Court's order denying emergency relief. Dkt. No. 35. This latest motion is untimely and may be denied for that reason alone. *See* LCR 7(h)(2) ("The motion [for reconsideration] shall be filed within fourteen days after the order to which it relates is filed."). The motion, however, also fails on its merits. To prevail, a party seeking reconsideration must show "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Ewing argues that he has newly discovered evidence. Dkt. No. 36 at 2. But this new evidence—a notice and complaint from a "local government watchdog and independent reporter"—is not at all persuasive and does not shake the Court's belief that it decided the issue correctly.

Thus, Ewing's latest motion to reconsider is DENIED. Dkt. No. 35. Because the Court has already ruled on the issue and because the time to seek

ORDER DENYING PLAINTIFF'S SECOND MOTION TO RECONSIDER - 2

1 reconsideration has passed, the Court DIRECTS Ewing to file no further motions to
2 reconsider the Court's order denying his request for emergency relief.
3      Dated this 8th day of January, 2025.

Jamal N. Whitehead
United States District Judge

ORDER DENYING PLAINTIFF'S SECOND MOTION TO RECONSIDER - 3