UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN S. EWING, | CASE NO. 2:24-cv-01307-JNW |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| CITY OF SEDRO-WOOLLEY; BROCK D. STILES; JAMES M. ZACHOR; HEATHER SHAND; KEVIN L. ROGERSON; DOES 1-10, | |
| Defendants. | |

## 1. INTRODUCTION

This matter comes before the Court on Defendants City of Sedro-Woolley ("City"), Judge Pro Tem Kevin L. Rogerson ("Judge Rogerson"), Judge Brock D. Stiles ("Judge Stiles"), and prosecutor James M. Zachor's ("Zachor") (collectively, "City Defendants") motion to dismiss pro se Plaintiff Kevin Ewing's complaint, Dkt. No. 23, and Defendant Commissioner Heather Shand's ("Commissioner Shand") motion to dismiss Ewing's complaint, Dkt. No. 24. Defendants argue that Ewing pursues claims against immune defendants, fails to state a claim on which relief may be granted, and failed to effect proper service.

DISMISSAL ORDER - 1

Having reviewed the briefing, the record, and the law, the Court agrees with Defendants. Because Ewing's claims for declaratory and injunctive relief are barred under the *Younger* abstention doctrine, the Court DISMISSES these claims entirely. Because Defendants Commissioner Shand, Judge Rogerson, Judge Stiles, and Zachor are entitled to immunity, the Court DISMISSES all claims against them as well. Finally, because Ewing fails to state facts supporting a plausible *Monell* claim, the Court DISMISSES his claims against the City. In sum, the Court GRANTS the motions to dismiss, Dkt. Nos. 23, 24, and DISMISSES WITH PREJUDICE all claims in this action.

## 2. BACKGROUND

This matter arises from an ongoing state-court criminal case. *See generally* Dkt. No. 4; Dkt. No. 37-2 (criminal complaint). On October 12, 2023, Sedro-Woolley Police Officers arrested Plaintiff Kevin Ewing and charged him with driving under the influence (DUI) (RCW 46.61.502), hit and run (RCW 46.52.010.2), and reckless endangerment (RCW 9A.36.050). *See* Dkt. Nos. 4, 37-2. On August 21, 2024, Ewing filed this lawsuit, alleging that the arrest and ensuing criminal proceedings violated his civil rights. Dkt. No. 1. On November 7, 2024, he filed the amended, now-operative complaint. Dkt. No. 4. It asserts claims against three categories of defendants: the judges presiding over his criminal case; the prosecutor on his case; and the City of Sedro-Woolley.[1] *Id.*

---

[1] Ewing does not plead claims against the arresting officers. While Ewing listed "unnamed officers" and "Officer McGaughey" as parties in his original complaint, Dkt. No. 1, he omitted them from his amended complaint. Dkt. No. 4.

DISMISSAL ORDER - 2

Ewing sues three judges: Judge Stiles, Judge Rogerson, and Commissioner Shand. He alleges, in relevant part, that they violated his rights by "[c]onducting biased judicial proceedings" and "[s]ystematically denying [his] lawful motions without proper consideration." Dkt. No. 4 ¶ 112. He alleges that Judge Stiles, "in retaliation for [Ewing's] lawful filings and without proper cause, issued two bench warrants for $100,000 each when [Ewing] did not appear [in court] in person." *Id.* ¶ 70. He also alleges that Judge Stiles "refused to recuse himself despite [a] clear conflict of interest" owing to Ewing's alleged status as a witness in a case involving Judge Stiles's brother. *Id.* ¶ 71. With respect to Commissioner Shand, Ewing alleges that she ordered a "nonconsensual blood draw that was conducted without [his] permission." *Id.* ¶ 85.

Ewing also sues Prosecutor James Zachor. He alleges that Zachor maliciously conspired with other Defendants to "[p]rosecute[ ] case [sic] despite knowing constitutional violations." *Id.* ¶¶ 125, 130. Ewing asserts that Zachor "degraded [him], describing his legal arguments and cited case law as 'theory and garbage' in open court." *Id.* ¶ 74.

Finally, Ewing sues the City of Sedro-Woolley, alleging that the City "is liable for the actions of its officers under *Monell v. Dept of Social Services*, as these actions were taken pursuant to the customs, policies, and practices of the City." *Id.* ¶ 99. Ewing alleges that unnamed officers arrested him "without probable cause or a valid warrant," drew his blood "without his consent or a valid warrant," and "[f]ailed to read [him] his Miranda rights at the time of arrest[.]" *Id.* ¶¶ 62, 94.

Ewing offers no factual support for his allegation that these actions represent a custom, policy, or practice of the City. *See generally id.*

After filing his Amended Complaint, Ewing moved for several forms of emergency relief. *See* Dkt. Nos. 9, 10, 11. The Court denied these requests, finding that he failed to demonstrate a likelihood of success on the merits because his claims for equitable relief are barred under *Younger* abstention. Dkt. No. 21. Defendants now move to dismiss all claims for defective service, failure to state a claim, and *Younger* abstention. Dkt. Nos. 23, 24.

### 3.  DISCUSSION

**3.1  Legal standards.**

**3.1.1  *Younger* Abstention.**

Under the *Younger* abstention doctrine, courts must abstain from ordering injunctive relief when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is adequate opportunity in the state proceeding to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the state proceeding. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotation marks omitted); *see Younger v. Harris*, 401 U.S. 37 (1971).

Because "[t]he doctrine of abstention involves a decision by a federal court to decline to exercise jurisdiction[,]" *see Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004), a motion to dismiss on *Younger* abstention grounds is properly brought and considered under 12(b)(1). *Wash. v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048,

1058 (9th Cir. 2016); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998); *see* Fed. R. Civ. P. 12(b)(1). "Unlike those situations where a federal court merely abstains from decision on federal questions until the resolution of underlying or related state law issues. . . *Younger v. Harris* contemplates the outright dismissal of federal suit, and the presentation of all claims, both state and federal, to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). Dismissal on jurisdictional grounds occurs not only before the examination of the merits, but curtails such an examination. *L.A. Cnty. Sheriff's Dep't*, 833 F.3d at 1058. The Court need not accept as true a plaintiff's assertions of jurisdiction. *See Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (citations omitted).

Federal courts will not abstain under *Younger*, however, when the plaintiff shows "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). "[B]ad faith might arise in cases involving repeated harassment by enforcement authorities with no intention of securing a conclusive resolution or where there is evidence of pecuniary bias by the tribunal." *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 596 (9th Cir. 2022). But one who alleges bias "must overcome the presumption of honesty and integrity in those serving as adjudicators." *Kenneally v. Lungren*, 967 F.2d 329, 333 (9th Cir. 1992) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)).

DISMISSAL ORDER - 5

### 3.1.2   Rule 12(b)(6).

Courts will grant a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While Rule 8 does not demand detailed factual allegations, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 679. "Conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss*.*" *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *see* Fed. R. Civ. P. 8.

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988)).

### 3.2 Ewing's claims for injunctive and declaratory relief are barred under *Younger*.

The City argues that Ewing's claims for injunctive and declaratory relief must be dismissed under *Younger* abstention. Dkt. No. 23 at 7. The Court agrees.

Ewing requests injunctive and declaratory relief enjoining criminal proceedings against him. For the reasons already described in the Court's Order denying Ewing's request for a temporary restraining order, *see* Dkt. No. 21, the Court FINDS that the requirements for *Younger* abstention are met.

None of Ewing's later filings implicate an exception. Ewing rightly points out that *Younger* does not apply when "a state tribunal is incompetent by reason of bias," or in instances of "flagrant and patent constitutional violations." Dkt. No. 30 at 3. But he provides no facts to support the presence of incompetence, bias, or flagrant constitutional violations. His assertion that Judge Stiles is biased because of his brother being "the subject of an appeal where Plaintiff is a witness," Dkt. No. 4 ¶ 66, does not suffice. *See Hirsch v. Justices of Sup. Ct. of Cal.*, 67 F.3d 708, 714 (9th Cir. 1996) (mere assertion that judges have a direct and substantial interest in the outcome of proceedings without evidence of judges receiving improper payments or otherwise financially benefitting from the outcome of the litigation is insufficient to overcome *Younger*); *Standard Alaska Prod. Co. v. Schaible*, 874 F.2d 624, 629-630 (9th Cir. 1989) (claim that state court judges would be biased because of personal financial interests does not provide basis for ignoring *Younger* abstention doctrine).

DISMISSAL ORDER - 7

Because the *Younger* factors are met and no exception applies, Ewing's claims for injunctive and declaratory relief are DISMISSED. However, under *Younger*, "damages actions should be stayed until the state proceedings are completed." *Gilbertson,* 381 F.3d at 968. Thus, the Court turns to whether Ewing's damages claims survive Defendants' motions to dismiss.

### 3.3  Ewing's claims against Judge Stiles, Judge Rogerson, Commissioner Shand, and Zachor fail on immunity grounds.

Where judicial or prosecutorial immunity is apparent from the face of a plaintiff's complaint, dismissal under Rule 12(b)(6) is appropriate. *See Cousins v. Lockyer*, 568 F.3d 1063, 1069 (9th Cir. 2009) (prosecutorial immunity); *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1387 n.6 (9th Cir. 1987) (judicial immunity). Defendants argue that Judge Stiles, Judge Rogerson, Commissioner Shand, and Zachor are entitled to immunity. Dkt. Nos. 23, 24. The Court agrees.

#### 3.3.1  Judge Stiles, Judge Rogerson, and Commissioner Shand are entitled to judicial immunity.

Common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citations and internal quotation marks omitted). Under this doctrine, judges are absolutely immune from liability for acts "done by them in the exercise of their judicial functions." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008). This protection extends to court commissioners when they undertake acts in a judicial capacity. *See Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (holding that judicial immunity applies to municipal court

DISMISSAL ORDER - 8

commissioner). An act is "judicial" when it is a function normally performed by a judge and when the parties deal with the judge in a judicial capacity. *See Meek v. Cnty. of Riverside*, 183 F.3d 962, 966 (9th Cir. 1999) (discussing the factors considered when determining whether an act by a judge is "judicial").

Ewing's claims against Judge Stiles, Commissioner Shand, and Judge Rogerson stem entirely from alleged acts "done by them in the exercise of their judicial functions." *See Miller*, 521 F.3d at 1145. As for Judge Stiles, Ewing alleges that he "issued two bench warrants for $100,000 each when Plaintiff did not appear [in court] in person" and "[s]ystematically den[ied] [Ewing's] lawful motions without proper consideration." Dkt. No. 4 ¶¶ 70, 112. Even crediting these allegations, these are normal judicial functions. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) ("Ruling on a motion is a normal judicial function, as is exercising control over the courtroom while court is in session."). Ewing also alleges that Judge Stiles "refused to recuse himself despite a clear conflict of interest." Dkt. No. 4 ¶ 71. Assuming without deciding that this is true, it does not overcome immunity. A "judge remains immune from suit even if the action he or she took was in error, done maliciously, or in excess of his or her authority." *Sadosky v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006).

Ewing's claims against Commissioner Shand likewise fail. Superior Court Commissioners in Washington have statutory authority to preside over preliminary hearings involving adult criminal cases. RCW 2.24.040(15). Even assuming without deciding that Commissioner Shand ordered Ewing's blood draw without probable

cause, as alleged, there is nothing to suggest that she did so in the absence of judicial authority. Commissioner Shand is thus immune from suit.

And Ewing offers no allegations specific to Judge Rogerson. Instead, he asserts that Judge Stiles, Judge Rogerson, and Commissioner Shand all "failed to file required Oaths of Office and Bonds, rendering their actions void and stripping them of judicial immunity." Dkt. No. 4 ¶ 89. If this argument represents an attempt to establish that these Defendants were not acting in their judicial capacities—and are thus not immune—the Court is not persuaded. *See Conklin v. Anthou*, 495 Fed. Appx. 257, 264 (3d Cir. 2012) ("Even assuming that the defendants [judges and others] had not, in fact, taken their oaths of office . . . [plaintiff] points to no case law that would support the conclusion that this omission abrogated claims to immunity."); *Arunachalam v. Davis*, No. 3:22-cv-0056, 2022 WL 480679, at *1 (N.D. Cal. Feb. 15, 2022) (rejecting plaintiff's argument that deficient oath of office abrogates judicial immunity).

### 3.3.2  Zachor is entitled to prosecutorial immunity.

"A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in pursuing a criminal prosecution insofar as he acts within his role as an advocate for the State, and his actions are intimately associated with the judicial phase of the criminal process." *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009). The organization, analysis, and presentation of evidence and law on behalf of the government are functions covered by absolute prosecutorial immunity. *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993).

Ewing alleges that Zachor maliciously "[p]rosecuted case despite knowing constitutional violations [sic]" and "degraded [Ewing], describing his legal arguments and cited case law as 'theory and garbage' in open court." *Id.* ¶¶ 74, 130. These allegations, even if true, do not come close to overcoming prosecutorial immunity. For example, even "a conspiracy between judge and prosecutor to predetermine the outcome of judicial proceedings, while clearly improper, does not pierce the immunity extended to judges and prosecutors." *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir. 1986). Ewing's claims against Zachor fall short.

In sum, the Court finds that Judge Stiles, Judge Rogerson, Commissioner Shand, and Zachor are immune from suit. Ewing has alleged no facts indicating that these Defendants acted outside the scope of their official roles. Because leave to amend would be futile, Ewing's claims against Judge Stiles, Judge Rogerson, Commissioner Shand, and Zachor are DISMISSED with prejudice.

**3.4   Ewing fails to state a claim against the City under *Monell*.**

The City Defendants argue that Ewing's *Monell* claim should be dismissed because Ewing has pled "no constitutional violation" and has failed to "point to any specific policy or custom by the City that caused his alleged constitutional injuries." Dkt. No. 23 at 17, 18. The Court agrees.

"A government entity may not be held liable under 42 U.S.C. § 1983 unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694

(1978)). To establish liability for governmental entities under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." *Dougherty*, 654 F.3d at 900. A plaintiff "may prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded." *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011) (citations omitted).

Ewing has failed to allege plausible facts to establish that the City of Sedro-Woolley has a practice or custom of violating the Fourth, Fifth, and Fourteenth Amendments. Even accepting Ewing's allegations that unnamed police officers violated his individual rights, he fails to state a *Monell* claim. "Proof of random acts or isolated events is insufficient to establish custom." *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). Nor are Courts "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Ewing's failure to state a *Monell* claim reflects substantive shortcomings in his case, not merely the inartful pleadings of a pro se litigant. As such, the Court finds that his failure to state a claim cannot be cured by amendment. The Court therefore DISMISSES his claims against the City with prejudice.

### 4. CONCLUSION

The Court FINDS that Ewing's claims for injunctive and declaratory relief are barred under *Younger*. Because Defendants Commissioner Shand, Judge Stiles,

Judge Rogerson, and Zachor are absolutely immune, the Court FINDS that Ewing fails to state a claim on which relief may be granted against these defendants. And because Ewing does not allege facts to support a *Monell* claim, the Court FINDS that Ewing fails to state a claim on which relief may be granted against the City. Given these findings, the Court need not address the City's assertion of improper service. Therefore, the Court GRANTS Defendants' motions to dismiss. Dkt. Nos. 23, 24. Ewing's claims are DISMISSED WITH PREJUDICE.

It is so ORDERED.

Dated this 19th day of February.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 13