UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN S. EWING,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SEDRO-WOOLLEY; BROCK D. STILES; JAMES M. ZACHOR; HEATHER SHAND; KEVIN L. ROGERSON; DOES 1-10,<br><br>  Defendants. | CASE NO. 2:24-cv-01307-JNW<br><br>ORDER |

This matter comes before the Court on pro se Plaintiff Kevin S. Ewing's motion for reconsideration of the dismissal of his case. Dkt. No. 41. "'Motions for reconsideration are disfavored,' LCR 7(h)(1), and '"should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."' Ma*rlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably

**ORDER** - 1

have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether… to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Generally, Ewing argues that the Court's Dismissal Order, Dkt. No. 39, "constitutes a manifest error of law and fact, trampling the inviolable right to a jury trial enshrined in the Seventh Amendment, the statutory mandates of 42 U.S.C. § 1983, and the bedrock principle that a judge's discretion evaporates when a complaint alleges civil rights violations and demands a jury's adjudication." Dkt. No. 41 at 1. Specifically, Ewing attempts three arguments for reconsideration.

First, he argues that his complaint triggers an "absolute right to a jury trial[.]" Dkt. No. 41 at 2. Ewing is simply wrong. Where, as here, a complaint fails to state a claim on which relief may be granted, a jury trial serves no valid purpose; judgment on the pleadings—as a matter of law—is appropriate. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). For the reasons explained in the Court's Dismissal Order, Ewing states no claim on which relief may be granted.

Second, Ewing argues that "[t]his Court's dismissal thwarts Congress's intent" in enacting Section 1983 and therefore represent judicial overreach. Dkt. No. 41 at 3–5. This argument also fails. For the reasons explained in the Court's Order, Ewing does not state a valid Section 1983 claim. *See* Dkt. No. 39 at 11–12.

Third, Ewing argues that "only a jury—not this Court—can resolve this matter" because "[t]he judge has no discretion to intercede where the Constitution,

**ORDER** - 2

Congress, and common law demand a trial by jury." Dkt. No. 41 at 2. But again, Ewing has not stated a jury-triable claim.

In sum, because Ewing has articulated no legal or factual error in the Court's Order dismissing his case, his motion for reconsideration is DENIED. Dkt. No. 41.

It is so ORDERED.

Dated this 6th day of March, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3