UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN S. EWING,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SEDRO-WOOLLEY; BROCK D. STILES; JAMES M. ZACHOR; HEATHER SHAND; KEVIN L. ROGERSON; DOES 1-10,<br><br>    Defendants. | CASE NO. 2:24-cv-01307-JNW<br><br>ORDER |

Pro se Plaintiff Kevin S. Ewing moves for relief from the Court's final judgment dismissing his claims based on what he characterizes as newly discovered evidence. Dkt. No. 43.

"Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty, Inc. v. City of Spokane*,

**ORDER** - 1

331 F.3d 1082, 1093 (9th Cir. 2003) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 60(b).

Ewing's motion fails for three reasons. First, the supposedly "new" evidence that Ewing cites—a "notice and complaint" from a "local government watchdog and independent reporter" purporting to show that "Defendant [Judge] Stiles lacked a filed oath or bond and appointed Defendant Rogerson as a pro tem judge in violation of [municipal codes]"—is not actually new. *See* Dkt. Nos. 43 at 2, 43-1 at 11. Ewing filed the same evidence at Dkt. No. 36-1 in support of his second motion to reconsider, which the Court denied. Dkt. No. 38 at 2 ("[T]his new evidence—a notice and complaint from a 'local government watchdog and independent reporter'—is not at all persuasive and does not shake the Court's belief that it decided the issue correctly.").

Second, the record suggests that Ewing is incorrect in his assertion that Stiles and Rogerson failed to file Oaths of Office with the City of Sedro-Woolley. *See* Dkt. No. 37-1 (signed Oaths of Office).

Third, even if Ewing were correct that Stiles and Rogerson failed to file the requisite oaths of office or otherwise comply with municipal laws governing judicial appointments, the Court's disposition of Ewing's claims would not be altered. *See* Dkt. No. 39 at 10 (Dismissal Order) ("If [Ewing's] argument [regarding Defendants' failure to file oaths of office] represents an attempt to establish that these Defendants were not acting in their judicial capacities—and are thus not immune— the Court is not persuaded."); *see also, e.g.*, *Conklin v. Anthou*, 495 Fed. Appx. 257, 264 (3d Cir. 2012) ("Even assuming that the defendants [judges and others] had not,

**ORDER** - 2

in fact, taken their oaths of office . . . [plaintiff] points to no case law that would support the conclusion that this omission abrogated claims to immunity.")

For these reasons, Ewing's motion for relief from judgment is DENIED. Dkt. No. 43.

Dated this 4th day of April, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3